**UNITED STATES, Appellee,**

v.

**Henry Alberto GOMEZ–RUIZ, Defendant, Appellant.**

**No. 89–1573.**

United States Court of Appeals, First Circuit.

Heard March 6, 1991.

Decided May 2, 1991.

---

Luis A. Medina Torres, Hato Rey, P.R., for defendant, appellant.

Warren Vazquez, Asst. U.S. Atty., with whom Daniel F. Lopez Romo, U.S. Atty., was on brief, Hato Rey, P.R., for appellee.

Before BREYER, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

BREYER, Chief Judge.

Customs agents found seven kilograms of cocaine in a suitcase on board an airplane that landed in San Juan, Puerto Rico, on its way from Bogota, Colombia, to Madrid, Spain. A jury subsequently convicted Henry Alberto Gomez–Ruiz, the apparent owner, of three separate crimes: 1) unlawfully importing cocaine into the United States; 2) unlawfully possessing cocaine with intent to distribute; and 3) possessing, on board an aircraft arriving in the United States, cocaine that is not listed in the aircraft's "manifest." *See* 21 U.S.C. §§ 952(a), 841(a) and 955. Gomez–Ruiz appeals, making several arguments.

■ First, he says the evidence was not sufficient to support the verdict of guilty. The evidence, however, contained testimony by customs officials that they found a suitcase containing seven kilograms of cocaine on the plane, that Gomez–Ruiz's ticket had a number on it that corresponded to the baggage check attached to the suitcase, that Gomez–Ruiz had keys in his handbag that opened the locks on the suitcase, and that the airplane's manifest did not list the cocaine. Gomez–Ruiz testified that he had never seen the suitcase before and that customs inspectors confused him with an-

other man with a "European accent" whom they were also searching at the same time. The jury was legally free to believe the customs inspectors and to disbelieve Gomez–Ruiz. *See United States v. Mack*, 892 F.2d 134, 138 (1st Cir.1989), *cert. denied*, — U.S. ——, 111 S.Ct. 162, 112 L.Ed.2d 127 (1990). And, that being so, the evidence was more than sufficient to support conviction. *See United States v. Valencia–Lucena*, 925 F.2d 506, 512 (1st Cir. 1991) (conviction must be affirmed if *"any* reasonable juror ... could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original) (internal quotations omitted).

■ Second, Gomez–Ruiz argues that the court should not have admitted the suitcase keys into evidence, for, he says, the government agents "lost" track of these keys—the keys that he had in his handbag—for a few minutes at the airport. And that fact, he says, means that the prosecutor could not "authenticate" the keys introduced into evidence, *i.e.,* the prosecutor could not show that the keys in question (those introduced at trial) are the ones the prosecutor claimed they were, those from Gomez–Ruiz's handbag. *See* Fed.R.Evid. 901. We think, however, that the prosecutor easily showed that the keys introduced at trial were the same keys found in the handbag. The customs inspector who took the keys from Gomez–Ruiz identified the keys at trial as the ones he took. With the exception of ten minutes or so at the airport when a suitcase was placed on top of them, the keys were in his view or the view of others from the time they were removed from the bag until officials put them in a safe, identifiable place. And, nothing introduced at trial suggests anyone tampered with, or substituted other keys for, Gomez–Ruiz's keys while they were under the suitcase. Thus the trial court could reasonably have found a sufficient basis for admitting the evidence and for permitting the jury to give such weight to Gomez–Ruiz's "wrong keys" argument as it deemed appropriate. *See United States v. Franchi–Forlando*, 838 F.2d 585, 588 (1st Cir.1988) (trial court could reasonably conclude that there is no "reasonable probability that the evidence" had been "altered in any material respect since the time of the crime"); *accord United States v. Browne*, 891 F.2d 389, 392 (1st Cir.1989).

■ Third, Gomez–Ruiz argues that the district court erred in instructing the jury that, to find him guilty of the third count (possessing, on an arriving aircraft, unmanifested cocaine), the jury had to conclude that he "knowingly and willfully did *bring* cocaine on board the aircraft." Gomez–Ruiz says that the government charged him with "possessing," not "bringing." Gomez–Ruiz, however, did not object to the court's instruction. *See* Fed.R.Crim.P. 30; *United States v. Fuller*, 768 F.2d 343, 347 (1st Cir.1985). And, we can find no "plain" error, *i.e.,* error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Griffin*, 818 F.2d 97, 100 (1st Cir.), *cert. denied*, 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987) (internal quotations omitted). The statutory provision in question makes "bringing" as well as "possessing" a crime. Moreover, in the circumstances of this case, the jury could not have concluded that Gomez–Ruiz brought the cocaine to the aircraft without also concluding that he possessed the cocaine. *See, e.g., United States v. Latham*, 874 F.2d 852, 861 (1st Cir.1989) ("possession being defined as exercising dominion, or control over the drug").

■ Fourth, Gomez–Ruiz claims that his conviction on all three counts violates the Constitution's double jeopardy clause because the three different statutes, in effect, charge the same crime. We have previously held, however, that the "importation" statute, and the "unmanifested cargo" statute, cover different crimes. *See Franchi–Forlando*, 838 F.2d at 590. And, we need not repeat our reasons at length here. In essence, the first statute makes it a crime to bring into the United States drugs that the appropriate authorities have not approved, *i.e.,* have not explicitly authorized for importation. The second makes it a crime to bring either approved *or* unapproved, drugs into the United States with-

out properly listing them on the airplane's manifest. Each statute contains an element necessary to the crime ("no approval" and "documentation") that the other does not. And, a court, therefore, may properly cumulate convictions. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Similarly, and more obviously, the "possession with intent to distribute" statute contains an element (intent to distribute) that the other statutes lack and does not contain an element (bringing into the United States) upon which the other statutes insist. Hence, the double jeopardy clause permits a cumulative conviction.

Fifth, Gomez–Ruiz points out that a magistrate, rather than the district judge, empaneled the jury that convicted him. And, under fairly recent Supreme Court authority, the law does not permit the magistrate to do so. *See Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). He concedes that he did not object to magistrate-empanelment at the time, but we have recently held that, in pending cases involving pre-*Gomez*, empanelment, a failure to object does not amount to a waiver of the defendant's *Gomez* right to district judge empanelment. *See United States v. Martinez–Torres*, 912 F.2d 1552 (1st Cir.1990) (en banc). Consequently, under controlling precedent in this circuit, Gomez–Ruiz is entitled to a new trial. The Supreme Court, however, after affirming by an equally divided court a Ninth Circuit holding similar to *Martinez–Torres, see United States v. France*, —— U.S. ——, 111 S.Ct. 805, 112 L.Ed.2d 836 (1991), has more recently granted certiorari in another case that raises a similar issue. *See United States v. Peretz*, 904 F.2d 34 (2d Cir.1990), *cert. granted,* —— U.S. ——, 111 S.Ct. 781, 112 L.Ed.2d 844 (1991). We decline, therefore, to address the jury selection issue, instead preserving the issue as an open one, deciding the other questions on appeal, and retaining appellate jurisdiction. We provisionally affirm appellant's conviction, but withhold mandate and keep open appellant's jury selection claim for the time being. We will address that issue in a subsequent opinion or order after *Peretz* has been decided.

*So Ordered.*